UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHUCKIE KENDRICK | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:12-0233 |
| | ] | Judge Sharp |
| CORRECTIONS CORPORATION OF | ] | |
| AMERICA, et al. | ] | |
|     Defendants. | ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America and the Tennessee Department of Correction, seeking injunctive relief and damages.

    In October, 2010, the plaintiff was diagnosed as having a severe case of varicose veins in his legs. Plaintiff's physician told him that he would need surgery for the condition. Since then, medical personnel employed by the defendants have not scheduled the plaintiff for surgery. Instead, they have prescribed support hose for him. The plaintiff claims that he is being forced to endure debilitating pain which prevents him from sleeping.

    The plaintiff can not sue the defendants solely because of their status as supervisors or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior

theory of liability. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 455, 70 L.Ed.2d 509, 521 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendants have knowledge of the plaintiff's alleged medical needs or participated, either directly or indirectly, in the decision to deny the plaintiff any medical care or surgery that he might need. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendants upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge